UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE )
)
VINCE LEE WEBB, ) Case No.603-69708-fra7
)
               Debtor. )
)
CHRIS FAIN and VALERIE FAIN, )
)
          Plaintiffs, )
  vs. ) Adversary No. 05-6020-fra
)
VINCE LEE WEBB, )
) MEMORANDUM OPINION
            Defendant. )

Plaintiffs filed a complaint seeking to revoke the discharge entered in the Debtor/Defendant's bankruptcy case, under 11 U.S.C. § 727(d). Defendant filed a motion for summary judgment and a hearing was held on August 2, 2005. For the reasons that follow, Defendant's motion will be granted.

BACKGROUND

Defendant filed his bankruptcy petition under chapter 7 on November 24, 2003 and, after some delay, a discharge order was entered on January 12, 2005. The initial deadline for filing objections to discharge, or a motion for extension of time to so

file, was set at March 12, 2004. Fed.R.Bankr.P. 4004(a) and (b). Plaintiffs filed their complaint against the Defendant/Debtor Webb to revoke discharge under § 727(d)(2) on January 25, 2005. The complaint alleges that the Debtor's bankruptcy schedules failed to include:

    1. A promissory note in the amount of $300,000 from Laura Traub Webb to Defendant,

    2. Exercise equipment with a fair market value of approximately $10,000, and

    3. A computer printer, numerous computer monitors, and a computer "server farm."

The complaint further alleges that the Defendant acquired or became entitled to acquire the omitted property that was property of the estate and knowingly and fraudulently failed to report the acquisition or entitlement to property, and failed to deliver the property to the trustee.

At the hearing held on Defendant's motion for summary judgment, Plaintiffs' attorney stated that the property which was allegedly omitted from the Defendant's schedules was in Defendant's possession and control at the bankruptcy petition date. Defendant's attorney agreed that much of the property described in the Complaint was owned by Defendant at the petition date.

<u>Defendant's Motion for Summary Judgment</u>

The Defendant submitted the following facts in his Concise Statement of Material Facts:

/ / / / /

MEMORANDUM OPINION-2

Case 05-06020-fra   Doc 33   Filed 08/26/05

1. The promissory note was disclosed in schedules and provided to the trustee.

The divorce settlement amendment/promissory note was described in Debtor's original schedules filed 2/18/04, at Sch B, line 33, as "Agreement with Lora Webb (former spouse) for the sale of real property on Galice Road (Unknown Value)." Schedules A and C also disclosed Debtor's claim of interest in the Galice Road property "subject to various post-dissolution agreements with former spouse."

The Trustee specifically requested a copy of the Agreement with Lora Webb and a copy was provided by Debtor along with other requested items, along with a letter of explanation concerning the items. The letter and its contents were discussed at the second adjourned meeting of creditors on 3/16/04, at which Plaintiffs' attorney was present.

[Concise Statement of Material Facts: Webb Affidavit ¶¶ 8 - 13, Exh. 2-5, 12-14, 16].

2. Exercise and Computer Equipment.

Debtor informed the trustee before the 3/16/04 adjourned meeting of creditors that Debtor had purchased fitness equipment, computers, monitors, and trade show related equipment from CD Micro, (a corporation of which Defendant was formerly chief operating officer and which also was in bankruptcy) in August 2003, and was keeping some of the items at his home and some of the items were still at the offices of CD Micro. The items were detailed on an invoice dated 8/11/03, in the amount of $39,618. Debtor

1  informed the trustee's attorney that all the items listed on the
2  invoice belonged to the Debtor's bankruptcy estate.
3  [Concise Statement of Facts: Webb Affidavit, ¶¶ 17 and 17;
4  Exh. 5].
5  At the 3/16/04 adjourned meeting of creditors, the trustee's
6  attorney examined Debtor relating to the exercise equipment and
7  computer equipment in which Debtor claimed an interest.  Plaintiff
8  Chris Fain and his attorney were present at this meeting.
9  [Concise Statement of Facts: Webb Affidavit, ¶ 18 and page 6,
10 line 16 through page 7, line 18].
11 Debtor repurchased the plasma screen, trade show equipment,
12 and other non-exempt assets from the bankruptcy estate of CD Micro,
13 in a private sale conducted by agents of the trustee.
14 Debtor's original and amended Sch B, line 4 listed "household
15 goods and furnishings," including audio, video, and computer
16 equipment of $10,000 value.  Sch B, line 27 also listed "trade show
17 and office equipment (in possession of CD Micro, Inc.)" of $20,000
18 value.  Debtor claimed an exemption as to the trade show and office
19 equipment on his initial and amended Sch C.   Debtor's Statement of
20 Financial Affairs filed 2/18/04 at Item 14 "Property Held for
21 Another Person," disclosed that debtor was holding miscellaneous
22 equipment belonging to CD Micro.
23     3. Computer "Server Farm."
24 The only server farm of which the Debtor is aware is that
25 which was previously owned by CD Micro, and at one time was under
26 the control of the trustee, and is the property of a private

investor.  The server farm was the subject of court action in both Defendant's bankruptcy case and in the CD Micro bankruptcy, including a proceeding before Judge Alley in the summer of 2004, at which both Plaintiff and his attorney were present.  Debtor has not acquired any server farm that is property of Debtor's bankruptcy estate or knowingly and fraudulently failed to report, deliver, or surrender any property of the estate to the trustee.

[Concise Statement of Facts: Webb Affidavit, ¶¶ 20, 21].

Debtor made a proposal to Plaintiff Chris Fain for the development of an "irewards" website.  Debtor was to provide consulting services and to set up the equipment necessary for the web site.  If the proposal had been accepted, Debtor would have purchased the necessary equipment.  Debtor did not own the equipment, nor was any of the equipment listed in the proposal property of the bankruptcy estate.

[Supplemental Affidavit of Webb provided with Defendant's Reply in Support of MSJ, responding to a document provided by Plaintiffs in their Response].

### Plaintiffs' Concise Statement of Material Facts

1. Fain is a creditor of the Debtor. [Fain Affidavit ¶ 1].

2. In June 2004, Defendant's attorney had a telephone conversion with Chris Fain and indicated that he was speaking on behalf of Defendant and said that Defendant would sell to Chris Fain a "server farm" for $100,000 to $150,000.  The offer was later reduced to writing.
[Fain Affidavit, ¶ 2, Exh. 1].

3. Plaintiff's submitted a copy of promissory note. [Plaintiff's Exh. 2]

4. Subsequent to 3/12/04, in the fall of 2004, Loralie Webb told Chris Fain that the Defendant had in his possession exercise equipment, with a FMV of approximately $10,000 which the Defendant owned prior to 11/24/03. [Fain Affidavit ¶ 4]

5. Loralie Webb told Chris Fain that Debtor had in his possession since before 11/24/03, a computer printer and numerous computer monitors. [Fain Affidavit ¶ 5].

6, 7. Attached as Exh 3 is Debtor's Amended Schedule B which does not include a server farm, a computer printer and monitors, nor does it list weight equipment of any value.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, made applicable by Fed.R.Bankr.P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material

fact from which a fact-finder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Fed.R.Bankr.P. 7056, which incorporates Fed.R.Civ.P. 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## DISCUSSION

Code § 727(d)

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> > (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> >
> > (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
> >
> > (3) the debtor committed an act specified in subsection (a)(6) of this section.

Code § 727(d)(2), the grounds asserted for revocation by Plaintiffs, applies to property of the estate acquired by a debtor <u>during</u> a bankruptcy case rather than to property held by Debtor at the petition date. See 7 Collier on Bankruptcy ¶ 727.15[4] (15th ed. revised 2005). An action for revocation of discharge for the intentional omission of assets from the debtor's schedules would be

brought under Code § 727(d)(1), which requires a showing of fraud in fact. Collier, supra at ¶ 727.15[3]. As Plaintiffs assert that the omitted assets were held by Defendant at the petition date, the requirements of § 727(d)(1) are applicable.

Plaintiffs' Knowledge Prior to Discharge

§ 727(d)(1) requires that the party requesting revocation of discharge not know of the alleged fraud prior to the date that discharge was granted.[1] Defendant argues that all of the information concerning the alleged omissions was brought to Plaintiffs' attention prior to January 12, 2005 (the date of discharge). Plaintiffs counter that they were unaware of the information giving rise to their allegations until after the March 24, 2004 discharge objection bar date, and were therefore unable to file either a timely motion for extension of time to object to discharge or a timely complaint objecting to discharge. They therefore waited until the discharge was granted and filed the complaint to revoke discharge.

Under a strict interpretation of § 727(d)(1), the situation Plaintiffs allegedly found themselves in would make no difference. However, courts have created an exception for situations such as the one described so as not to leave a party with no remedy. See Citibank, N.A. v. Emery (In re Emery), 132 F.3d 892 (2d Cir. 1998).

Defendant's bankruptcy case was filed on November 24, 2003 and the bar date for objecting to discharge was initially set at

---

[1] While Code § 727(d)(2) does not specifically contain a prohibition regarding the requesting party's predischarge knowledge, as does § 727(d)(1), courts have interpreted § 727(d)(2) to require that the party seeking to revoke discharge of a debtor under that subsection not learn of the debtor's fraud until after discharge has been granted. In re Dietz, 914 F.2d 161, 163 (9th Cir. 1990).

MEMORANDUM OPINION-8

March 12, 2004. On the motion of the United States Trustee, however, an order was entered extending the bar date for "any interested party" to object to discharge to April 26, 2004 [doc. #44, case 03-69708]. That order was served on interested parties, including the attorney for the Plaintiffs. The discharge order was ultimately not entered until January 12, 2005.

Defendant's attorney filed an affidavit [Exh. 7] with a partial transcript of the adjourned meeting of creditors held on March 16, 2004, showing that attorney Michael Bird appeared at the meeting representing Chris Fain. In that meeting, Defendant's attorney discussed with the Trustee the promissory note for $300,000 and his explanation of it [Exh. 7, p. 3]. Office equipment and fitness equipment were also discussed [Exh. 7, p. 7], as was the transfer of assets from CD Micro to the Defendant made in August 2003.

Defendants were on notice, either actual or constructive, by the date of the March 16, 2004 adjourned meeting of creditors of most, if not all, of the basis of their allegations. A creditor must exercise diligence in investigating the facts during the case, especially after having been put on notice of possible fraud. Mid-Tech Consulting, Inc. v. Swendra, 938 F.2d 885 (8th Cir. 1991). The party requesting revocation of discharge bears the burden of proving its lack of knowledge of the fraud before discharge; failure to so prove will be fatal to the party's cause of action. Werner v. Puente (In re Puente), 49 B.R. 966 (Bankr. W.D.N.Y. 1985).

More than five weeks passed from the date of the adjourned meeting of creditors to the extended date by which interested parties were required to file either a complaint objecting to discharge or a motion for extension of time to file such a complaint. Being on notice of the facts of the asserted fraud, or at least of possible fraud, Plaintiffs could have filed either a complaint objecting to discharge or a motion for extension to so file by the April 26, 2004 deadline. That timely knowledge of possible fraud prevents Plaintiffs from pursuing their action to revoke the discharge granted to Defendant.

Server Farm

Even if one could successfully argue that the Plaintiffs did not have sufficient knowledge of possible fraud to file a complaint or motion for extension by the deadline until they learned of the "server farm" in June 2004, the evidence presented does not meet the evidentiary burden placed on Plaintiffs. The only evidence that Plaintiffs present that the Debtor had a "server farm" which was property of the estate and failed to report it, is a conversation in June 2004 (at least six months after the petition date) between Plaintiff Chris Fain and Debtor's attorney concerning an offer to sell and a written proposal dated August 16, 2004. There is no evidence that the Debtor actually possessed or had an interest in a server farm at that date, or that the server farm was property of the bankruptcy estate. By supplemental affidavit, Debtor said he intended to obtain a server farm if the proposal was accepted.

CONCLUSION

Plaintiffs cannot meet the burden placed on them to show that they had no knowledge of possible fraud in time to file either a timely complaint objecting to discharge or a motion for extension of time to do so. As this is part of Plaintiffs' prima facie case under either Code § 727(d)(1) or (2), Defendant's motion for summary judgment must be granted.

Counsel for Defendant should submit a form of order consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Bankruptcy Judge