UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>VINCE LEE WEBB,<br><br>                 Debtor.<br><br>CHRIS FAIN and VALERIE FAIN,<br><br>                 Plaintiffs,<br>   vs.<br><br>VINCE LEE WEBB,<br><br>                 Defendant. | Bankruptcy Case<br>No. 03-69708-fra7<br><br><br><br>Adversary Proceeding<br>No. 05-6020-fra<br><br><br><br><br><br><br>MEMORANDUM OPINION |

    Defendant filed a motion for an order requiring Plaintiffs to pay Defendant's attorney's fees, pursuant to Fed. R. Bankr. P. 9011. The Court finds that Plaintiffs and their counsel did in fact violate the rule, and that sanctions should be imposed. However, the Court declines to impose attorney's fees.

    The circumstances leading to the instant motion are described in detail in the Court's memorandum opinion filed August 26, 2005 [Document No. 33]. To summarize: Plaintiffs filed a complaint alleging that

Page 1 - MEMORANDUM OPINION

Defendant acquired certain property of the bankruptcy estate post-petition, and knowingly and fraudulently failed to report the acquisition to the Trustee, and failed to deliver the property to the trustee. The complaint sought to revoke the Defendant's discharge pursuant to 11 U.S.C. § 727(d)(2). At the hearing on Defendant's motion for summary judgment, Plaintiffs' counsel stated that Plaintiffs contended that the specified assets were in the possession and control of the Debtor at the petition date, but were omitted from his schedules. Accordingly, the court proceeded with the case under 11 U.S.C. § 727(d)(1), the correct provision for seeking to revoke discharge for intentional omission of assets from a debtor's schedules. As it turned out, Defendant had disclosed, through his schedules and subsequent interviews with the Trustee the existence of the assets (except for a computer server farm, about which more later) and his possession of them. Either Plaintiff Chris Fain, or one of his attorneys, or both, were present at the interviews, so that Mr. Fain and/or his attorneys had knowledge of the Defendant's disclosures prior to the time the complaint was filed.

An additional item of property was a computer server farm. Mr. Fain alleged that the Defendant had come into possession of a particular computer server, property of the estate, without disclosing it. He assumed this to be true because the Defendant had contacted him with a proposal that the Plaintiff purchase a server farm from the Defendant. He did not investigate this tenuous conclusion, which ultimately proved not to be true.

Defendant's motion asserts – and Plaintiffs do not dispute – that Defendant advised the Plaintiffs of these circumstances and demanded that

Page 2 - MEMORANDUM OPINION

the complaint be withdrawn. The Plaintiffs refused to do so, whereupon Defendant filed his motion for summary judgment. The motion was allowed.

The Defendant now seeks an order finding that Plaintiffs' conduct violated Federal Rule of Bankruptcy Procedure 9011, and seeks, by way of a sanction, an order requiring the Plaintiffs to pay Defendant's attorney's fees. The matter was heard on November 29, 2005. Both parties participated, but neither submitted any evidence. Accordingly, the Court will consider the matter based on the record made during the course of the litigation.

## I. DISCUSSION

A. *Federal Rule of Bankruptcy Procedure 9011*

Rule 9011 provides, in pertinent part:

> (a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.
>
> (b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

Page 3 - MEMORANDUM OPINION

>               (3) the allegations and other factual contentions
>               have evidentiary support or, if specifically so
>               identified, are likely to have evidentiary support
>               after a reasonable opportunity for further
>               investigation or discovery; and
>               (4) the denials of factual contentions are
>               warranted on the evidence or, if specifically so
>               identified, are reasonably based on a lack of
>               information or belief.
>
>         (C) SANCTIONS.  If, after notice and a reasonable
>         opportunity to respond, the court determines that
>         subdivision (b) has been violated, the court may, subject to
>         the conditions stated below, impose an appropriate sanction
>         upon the attorneys, law firms, or parties that have violated
>         subdivision (b) or are responsible for the violation.
>
>                            * * *
>
>               (2) Nature of Sanction; Limitations.  A sanction
>               imposed for violation of this rule shall be
>               limited to what is sufficient to deter repetition
>               of such conduct or comparable conduct by others
>               similarly situated.  Subject to the limitations in
>               subparagraphs (A) and (B), the sanction may
>               consist of, or include, directives of a
>               nonmonetary nature, an order to pay a penalty into
>               court, or, if imposed on motion and warranted for
>               effective deterrence, an order directing payment
>               to the movant of some or all of the reasonable
>               attorneys' fees and other expenses incurred as a
>               direct result of the violation.

Rule 9011 is derived from Federal Rule of Civil Procedure 11, and cases construing that rule are applicable to cases construing Rule 9011. See In re Rainbow Magazine, 136 B.R. 545 (9th Cir. BAP 1992). While once mandatory, imposition of sanctions, once a violation is found to have occurred, is within the discretion of the trial court. Roundtree v. United States, 40 F.3d 1036 (9th Cir. 1994).

    B.  *Violation*

An essential element of a claim under 11 U.S.C. § 727 (d)(1) is that the Plaintiff have no knowledge of the alleged fraudulent conduct

Page 4 - MEMORANDUM OPINION

prior to the entry of an order discharging the debtor. As explained in the court's Memorandum Opinion, allowance may be made where a party learns of an alleged fraud <u>after</u> the deadline for objecting to an entry of discharge under 11 U.S.C. § 727(a), but <u>before</u> the order of discharge is entered. However, Plaintiffs were on notice of the extended deadline for objection to discharge, and were present when Defendant disclosed to the Trustee the existence of the assets, and his possession. Nevertheless, the Plaintiffs failed to institute an action objecting to discharge, and improperly filed a complaint to revoke discharge after the deadline had run. While it might be said that this is a relatively technical matter, any mitigation that may be derived from that fact is overcome by the fact that Defendant put Plaintiffs on notice of the defect in their position, and Plaintiffs nevertheless persisted with the litigation.

With regard to the server farm, Plaintiffs had nothing more than a plausible hypothesis: that, if Defendant was trying to sell them something, and the Defendant had previously an article of the same description, it must necessarily be selling the originally acquired property. A minimal investigation would have determined that this was not the case. Such investigation is required by the rule, and Plaintiffs' failure to conduct the investigation constitutes a violation of the rule.

C. *Sanctions*

Rule 9011(c)(2) requires that the sanction be limited to what is sufficient to deter repetition of the conduct complained of. Sanctions may be monetary or nonmonetary. If "warranted for effective deterrence,"

Page 5 - MEMORANDUM OPINION

the sanction may be or include an order directing the payment of some or all of the movant's attorney's fees.

Whatever form the sanction may take, it must comply with the applicable rule: that it be designed to deter proscribed conduct, and that it go no further than what is required to do so. It follows that the Court must be provided with evidence allowing it to ascertain the impact of the proposed sanctions on the party upon who they are to be imposed. With respect to monetary sanctions, this includes an inquiry as to the subject parties' ability to pay. See In re Braun, 152 B.R. 466 (N.D. Ohio 1993) (holding that a sanctioning court must make some inquiry into an attorney's ability to pay a monetary sanction, and remanding the case for such determination.) The moving party has the initial burden of providing evidence on this point. The movant here declined to do so. The Court will not engage in any presumption regarding either Plaintiffs' counsel's ability to respond to a financial sanction, whether in the form of a fine or a fee-shifting order. Accordingly, any fine imposed must be minimal.

It is within the Court's discretion to impose nonmonetary sanctions, and the Court believes it is appropriate to do so in this instance. This is particularly so in light of the fact that the parties concerned here are opposing parties in another adversary proceeding before this Court, Adversary No. 04-6088-fra Fain v. Webb.

In light of the foregoing, the Court will enter an order imposing the following sanctions:

1. Requiring Plaintiffs to pay a fine of $500 to the Clerk of the Court within 60 days of the date of the order;

2.   Requiring counsel for Plaintiffs to pay a fine of $500 to the Clerk of the Court within 60 days of the date of the order;

        3. Any pleading filed by or on behalf of the Plaintiffs in any other proceeding before this Court is to be accompanied by an unsworn declaration of Plaintiffs, as provided in 28 U.S.C. § 1746, attesting to the truth of any allegations made. With respect to pending litigation, Plaintiffs shall provide an unsworn declaration attesting to the truth of any allegation made in any pleading filed by them or on their behalf prior to the date of this order;

        4.   Counsel for Plaintiffs shall, within 24 months of the date of the order, certify to the Court that he has obtained continuing legal education regarding Federal Civil Procedure, and, specifically, Federal Rule of Civil Procedure 11.  The CLE may be obtained in any manner permitted by the Continuing Legal Education Rules of the Oregon State Bar.

## II.   CONCLUSION

    The foregoing constitutes the Court's findings of fact and conclusions of law.   An order consistent herewith has been entered.

                                        FRANK R. ALLEY, III
                                        Bankruptcy Judge

Page 7 - MEMORANDUM OPINION